UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DARION GIPSON, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 1:20-CV-126 SNLJ |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion is successive and will be summarily dismissed.

On April 19, 2016, movant pled guilty to Interference with Commerce by Threat or Violence and Possession of a Firearm in Furtherance of a Crime of Violence. On July 26, 2016, the Court sentenced movant to 154 months' imprisonment. *United States v. Gipson*, No. 1:16-CR-6-SNLJ (E.D. Mo). Movant did not appeal.

On April 9, 2018, movant filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. *See Gipson v. United States*, 1:18-CV-80-SNLJ (E.D. Mo). The motion to vacate was dismissed as untimely on April 30, 2018. Movant did not appeal the dismissal of his motion to vacate.

Movant filed a second motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 on March 17, 2020. *See Gipson v. United States*, 1:20-CV-55 SNLJ (E.D. Mo). He alleged he was innocent of the crime for which he was convicted. The Court denied the motion as successive and dismissed the action because movant did not petition the Eighth Circuit Court of Appeals for the ability to file a second or successive motion to vacate. *See* 28 U.S.C. § 2244(a)

and § 2255(h) (district courts may not entertain a second or successive motion to vacate unless it has first been certified by the Court of Appeals).

In the instant and third motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, movant alleges the Court erred by not providing him with a downward departure sentence reduction at sentencing because he is bipolar, failed to send him to a mental health court, and his trial attorney provided him with ineffective assistance of counsel. The Court will dismiss movant's motion for the same reason as in *Gipson v. United States*, 1:20-CV-55 SNLJ (E.D. Mo). The instant petition has not been certified by the Court of Appeals for the Eighth Circuit. As a result, the Court may not grant the requested relief. The Court will therefore summarily deny and dismiss this action and deny a certificate of appealability.

Movant additionally cites to the First Step Act as the basis for a sentence reduction. The Court finds that movant is ineligible for a sentence reduction under the First Step Act due to the fact he was convicted on a firearms charge and not a drug offense. Section 404 of the First Step Act provides that the Court may, on its own motion, "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220, 124 Stat. 2372) were in effect at the time the covered offense was committed." Pub L. No. 115-391, 132 Stat. 5194; *see also* 18 U.S.C. § 3582(c)(1)(B). The Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." *Id.* § 404(a). Sections 2 and 3 of the Fair Sentencing Act changed the quantity of crack cocaine that triggered certain enhanced sentencing ranges.

In sum, the First Step Act retroactively applies the Fair Sentencing Act's lower statutory sentencing ranges and allows the Court to bring past sentences into line with the lower ranges. The authority to reduce a sentence applies only to (1) federal offenses (2) committed before August

3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair Sentencing Act changed the statutory penalty range, i.e., certain crack cocaine offenses. See First Step Act, § 404(a). Whether to reduce a sentence is at the discretion of the Court and is not required. Id. § 404(c).

The movant's conviction is not the type of conviction covered by § 404 of the First Step Act. The Fair Sentencing Act did not modify the applicable statutory sentencing range for movant's offense – Interference with Commerce by Threat or Violence and Possession of a Firearm in Furtherance of a Crime of Violence. To the contrary, it only changed the statutory penalty range for certain crack cocaine offenses, Fair Sentencing Act, § 2(a) (codified at 21 U.S.C. § 841(b)(1)(A)(iii) & (b)(1)(B)(iii)), and movant was not convicted of any crack cocaine offense. Additionally, the crime for which movant was convicted occurred on November 18, 2015, after the effective date of the Fair Sentencing Act. For these reasons, the First Step Act does not authorize a reduction in the movant's sentence.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside and correct sentence [Doc. #1] is **DENIED AND DISMISSED as SUCCESSIVE.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 16th day of June, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

3